**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CASE NO. 1:23-MJ-00070** |
| | : | |
| **CORBIN OLIVER GRAY,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of American, through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142(f)(2)(B).   There is a serious risk that the defendant will obstruct or attempt to obstruct justice, or attempt to threaten, injure, or intimidate a prospective witness.   The defendant is charged with 18 U.S.C. § 844(e) (Threats in or affecting interstate commerce to kill, injure, or intimidate an individual or to damage or destroy property by means of fire) and 18 U.S.C. § 875(c) (Threats in interstate communications) and has demonstrated a consistent pattern of threatening behavior towards a particular group of individuals and locations over the course of the last five months.

The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, are considered in the Court's determination regarding pre-trial detention.

## I.  Procedural History

The defendant is charged by federal Indictment with 18 U.S.C. § 844(e) (Threats in or affecting interstate commerce to kill, injure, or intimidate an individual or to damage or destroy property by means of fire) and 18 U.S.C. § 875(c) (Threats in interstate communications).   At the defendant's initial appearance in U.S. District Court, the government orally moved for detention

pursuant to 18 U.S.C. § 3142(f)(2)(B) and moved for a hearing to determine the mental competency of the defendant pursuant to 18 U.S.C. § 4241.  The Court ordered a competency screening for the defendant and scheduled a detention hearing and return on the competency screening for April 6, 2023.

## II.  Legal Authority and Argument

Under the Bail Reform Act, ("BRA"), 18 U.S.C. §§ 3141 – 3156, a detention hearing must be held at the government's request if the defendant poses as serious risk that he will obstruct or attempt to obstruct justice, or threaten, injure, or intimate, or attempt to threaten, injure, or intimidate, a prospective witness.  *Id.* at § 3142(f)(2)(B).

The BRA provides that a judicial officer "shall order the detention of the [defendant] before trial," *id.* § 3142(e)(1), if, after a detention hearing held under 18 U.S.C. § 3142(f), and upon consideration of "the available information concerning" enumerated factors, *id.* 3142(g), "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," *id.* § 3142(e)(1).  "In common parlance, the relevant inquiry is whether the defendant is a 'flight risk' or a 'danger to the community.'"  *United States v. Vasquez-Benitez,* 919 F.3d 546, 550 (D.C. Cir. 2019).  Even if the defendant does not pose a flight risk, danger to the community alone is sufficient reason to order pretrial detention.  *United States v. Chrestman,* 525 F.Supp.3d 14, 22 (D.C. Cir. 2021) (citing *United States v. Salerno,* 481 U.S. 739, 755 (1987)).

There are four factors under Section 3142(g) that the Court should consider and weigh in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and

characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.   *See* 18 U.S.C. § 3142(g).   At the detention hearing, both the government and the defendant may offer evidence or proceed by proffer.   *United States v. Smith,* 79 F.3d 1208, 1209-10 (D.C. Cir. 1996) (per curiam).

At the hearing, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing."   18 U.S.C. § 3142(f).   Specifically, the presentation of hearsay evidence is permitted.   *Id.; United States v. Smith,* 79 F.3d 1208, 1210 (D.C. Cir. 1996).   Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use."   *United States v. Martir,* 782 F.2d 1141, 1145 (2d Cir. 1986); *United States v. Williams,* 798 F.Supp.34, 36 (D.D.C. 1992).   A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as subterfuge to obtain discovery.   *Smith,* 79 F.3d at 1210, *see also Williams,* 798 F.Supp. at 36.

A review and understanding of the facts and circumstances in this case should allow the Court to conclude that there is no condition or combination of conditions that will reasonably assure the safety or any other person and the community.   *See* 18 U.S.C. § 3142)(e)(1).

A.   **Nature and Circumstances of the Offenses Charged**

*Investigation Background*

The FBI has been investigating reports that the defendant, a Maryland resident, has engaged in criminal activity in violation of 18 U.S.C. §§ 844(e) and 875(c) that involves traveling

and transmitting threats of violence in interstate commerce in furtherance of a political or social ideology.

The investigation revealed that the defendant is a self-identified autistic individual with multiple social media accounts that espouse anti-Applied Behavior Analysis (ABA) ideology. The defendant has promoted his ideology through various platforms and has taken physical actionable steps against supporters and providers of ABA, specifically Board Certified Behavior Analysts (BCBA).

In the Autism Community, ABA is considered a controversial form of one-on-one therapy used to change behaviors. The defendant's ideology demonstrates that he sees those with opposing views as trying to eliminate the culture, identity, and ultimately, the existence of the Autistic populace.

### Reporting

On November 29, 2022, a representative of Autism Speaks reported to members of the Metropolitan Police Department that an unknown male (later identified as the defendant) had uploaded a video to Twitter depicting himself walking inside the Autism Speaks DC Headquarters, located at 1990 K Street NW, Washington DC, without authorization. The defendant used the Twitter Account @LeAshatistic and the YouTube Account @PointofNoReturn2004.

Both Twitter and YouTube are global social media platforms. Both platforms allow account holders to post images and videos that can be viewed by others worldwide. By posting such images and videos, account holders have the ability to share content through interstate and foreign commerce.

4

In the video, which was determined to have been taken on November 15, 2022, the defendant walked around the office filming different areas of the building and described that he was able to break in by falsely telling the custodial staff that he was a building employee. By using such deception, the defendant succeeded in having the custodial staff badge him into a secure area of the building.

The defendant left a flyer at the directory of the building, which advocated for the execution of practitioners of ABA, which is promoted by the Autism Speaks organization. Specifically, the flyer stated that an ambition of "Autistic Nationalism" was to ban ABA and imprison or execute all BCBAs (Board Certified Behavioral Analyst) worldwide. A copy of the text of the flyer is depicted below:

Further investigation revealed that the defendant had posted several videos on his YouTube account that identified himself as an "Accelerationist" and an "Autistic Nationalist," and claimed that on April 4, 2023, "Autism Speaks would be taken over by Autistic Nationalists" and "Autism Speaks would be surrounded by Autistic people more terrible than the BLM riots and the Capitol Riots combined, and *a team of women would burn down the DC location and its leadership would be executed*" (emphasis added). As the YouTube videos were publicly posted on the defendant's

YouTube account, the videos were transmitted in interstate and foreign commerce worldwide, to include the District of Columbia.   Several employees of the Autism Speaks headquarters in Washington, DC confirmed that they viewed the defendant's posted YouTube videos.

The defendant has also posted videos whereby he refers to himself as being radicalized. This statement is compounded by the defendant's frequent use of guns and terrorism in different thumbnails and cartoons that are often directed towards Autism Speaks and/or ABA therapy. See captures from the defendant's social media that display the above:







The defendant has also identified himself as an Accelerationist on his YouTube channel. Accelerationism is a social theory with a core purpose or goal of radical social change by destabilizing or uprooting opposing views that are in place.  Accelerationism has gained popularity in the far-right extremist ideologies, as a means to collapse society and rebuild it in the group's worldview.  The defendant posted a video titled "Light vs. Dark Accelerationism" on his YouTube channel, where he espouses that the Autistic Awareness movement is designed to eliminate the Autistic population as seen in screenshots below:



In his videos, as seen above, the defendant wore a trooper-style hat, sunglasses, a mask, and a winter coat to mask his identity.   The actions of the defendant resulted in an increased police response at the Autism Speaks locations in both Washington, DC and New Jersey.   The defendant was later observed again in the area of the Autism Speaks DC location on November 29, 2022.

Accelerationist and Nationalist views are often associated with extremist ideology. Nationalist practices characteristically involve an individual affiliating themselves with a group that supports their best interests and are typically at the expense of an opposing group. The modern concept of Accelerationism is most notably observed in extremist communities with a core belief that an acceleration of violence and conflict will lead to an intended goal.   The defendant espoused similar language in his social media commentary, calling for a "Pure Neurostate." Although both Accelerationism and Nationalism are often associated with race, identity, or politics, it can span any demographic.

***Identification***

Further investigation revealed that there have been multiple incidents with the defendant in Howard County, Maryland, which ultimately led to the identification of the defendant as Corbin Oliver Gray.

On November 28, 2022, Howard County police had a similar incident with the defendant. Wearing the same outfit he wore in the Autism Speaks break-in video, the defendant entered the Linwood School in Maryland, which is a school for the Autistic Community.   He was denied further entry and ordered out, at which time he placed flyers on the cars outside of the school that were the same as the one that he placed at Autism Speaks in Washington, DC.  He used the hashtag #DarkItUpRed on his flyers, which led to the identification of his YouTube account, Twitter account, and Reddit account.

On December 1, 2022, Howard County police interviewed the defendant regarding the incidents at the Linwood School and Autism Speaks.  The defendant acknowledged that he entered the school, and that he was the one in the video that entered the Autism Speaks Headquarters located in DC.  Howard County police also observed the jacket, hat, and glasses that the defendant was wearing in the video at his residence. The mother of the defendant had previously petitioned for a mental health evaluation of the defendant, and the defendant was subsequently transported by police to a mental health facility in Howard County, Maryland, for mental health observation and treatment.   The defendant was released approximately three weeks later and posted on his social media accounts that he had been committed for treatment and had since been released.

On December 8, 2022, law enforcement interviewed the Senior Vice President of Advocacy at Autism Speaks, who has office space in the DC location.   He advised that his fellow

staff members had great concern for their safety based on the defendant's actions demonstrated in his posted break-in video.   The Senior Vice President also confirmed that the defendant was not a person who would have consent to be in the location at the time he had entered.   As a result of the flyers advocating for the execution of ABA practitioners and the social media posts stating that Autism Speaks would either be taken over or burned to the ground and its leadership would be executed, there was a heightened security concern over the April 4, 2023 date.   Autism Speaks also provided a copy of the building key swipes, revealing that the defendant broke into the location on November 15, 2022 at 17:26 hours (i.e., 5:26 pm).   This was corroborated by the defendant's social media posts where he acknowledged that he had deceived custodial staff to gain entry into the location at a time in which it would have been prohibited.

Law enforcement also interviewed several practitioners of ABA at the Autism Speaks facility who indicated that they believed the defendant's threats were credible, and that his language was violent beyond the pale of simple rhetoric.

On February 28, 2023, at approximately 5:56 pm, the defendant was stopped again at the Autism Speaks location at 1990 K St NW. The defendant advised law enforcement that he was a student at Towson and had been in the building before. The defendant identified himself as Corbin Oliver Gray of 9265 Maple Rock Drive, Ellicott City, MD.   He was advised he had been barred from the building and was allowed to leave.   He then came back to the officers and asked them why Autism Speaks was closed.   Screenshots from the officers' encounter with the defendant are depicted below:







On March 6, 2023, law enforcement interviewed Detective Sean Kent of the Howard County Police Department.  Detective Kent confirmed the identity of the defendant as Corbin Oliver Gray based on his investigation of the Linwood School incident.

Also on March 6, 2023, law enforcement interviewed staff at the Linwood School, who recounted the incident with the defendant.   It was learned that the Linwood School incident was tied to a previous incident at Howard Community College from November 2022.   One of the Linwood School therapists was confronted by the defendant during a Job Fair at the College, where the defendant challenged her on ABA and the damage it can cause to the Autistic Community. She immediately recognized the defendant when he entered the Linwood School on November 29, 2022, based on his voice, gait, mannerisms, and aesthetics. The Linwood School increased their security presence because of the defendant's actions and were provided an active shooter response course by law enforcement as a result.

On March 16, 2023, law enforcement interviewed Howard County College Department of Public Safety Investigator Bobby Eason.   Investigator Eason corroborated the narrative provided

by the Linwood School staff concerning the job fair incident and advised that the defendant was a student at the college. There had been at least two similar incidents surrounding the defendant and anti-ABA rhetoric at the campus, with the most recent one taking place on March 4, 2023. The College was concerned about the flyers the defendant placed on cars in the parking lot because of the verbiage used by the defendant that they believed was violent in nature.   The college provided me with a photo of the defendant from the March 4, 2023 incident, and advised that his vehicle had been abandoned in lot A of the school's campus since March 8, 2023.

Taken together, the nature and circumstances of the defendant's repeated threatening and escalating behavior strongly weigh in favor of the defendant's detention.  The defendant has engaged in a campaign of verbal threats and confrontations with ABA practitioners both online and at their places of employment.  In addition, the defendant has made violent calls to action against such practitioners and locations on his social media accounts that can be viewed worldwide.  The defendant has gone so far as to select a target date for when the Autism Speaks with be overrun by violent means, which is quickly approaching.  Despite receiving in-patient mental health treatment and being barred from the Autism Speaks location, once released the defendant continued to engage in his campaign undeterred and has returned to Autism Speaks DC location displaying very troubling behavior.  The defendant has also had a direct confrontations with at least one ABA practitioner in the past, demonstrating his willingness to follow through on such threats.  As such, the defendant presents a serious risk that he will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, or attempt to threaten, injure, or intimidate prospective witnesses if released.

**B.**    **<u>Weight of the Evidence against the Defendant</u>**

The second factor, the weight of the evidence, strongly favors detention.  The defendant has publicly posted threats and statements concerning his ideology to social media accounts directly tied to him.  The defendant was recognized by the therapist who he confronted at the Linwood School in November of 2022.   Following that confrontation, the defendant admitted to entering the Linwood School and identified himself as the individual in the video from the Autism Speaks break-in at the DC location when he was interviewed by law enforcement on December 1, 2022.   At that time, law enforcement officers were able to observe the jacket, hat, and glasses that the defendant was wearing in the Autism Speaks break-in video.   Finally, on February 28, 2023, when the defendant returned to Autism Speaks in Washington, DC, he identified himself to law enforcement officers and appeared to be yet again wearing similar clothing that was observed by officers in his residence on December 1, 2022.   The weight of the evidence against the defendant strongly argues in favor of detention pending trial.[1]

### C.    The Defendant's History and Characteristics

The third factor—the history and characteristics of the defendant—favors detention. While the full extent of the defendant's criminal history (if any) is not yet known, criminal history is not the only factor a court should consider when looking at the history and characteristics of a defendant.  *See* 18 U.S.C. § 3142(g)(3)(A).   Indeed, the Court shall consider the defendant's physical and *mental* condition.  *Id.* (emphasis added).   As recently as December 2022, the defendant received in-patient mental health observation and treatment for approximately three weeks after a petition by his mother.   Despite such treatment, the defendant continued to engage

---

1 As discussed at length in a recent opinion by then-Chief Judge Howell, the "weight of the evidence should not automatically be weighed less than the remaining statutory pretrial detention factors." *United States v. Blackson*, No. 23-cr-25 (BAH), 2023 U.S. Dist. LEXIS 18988, at *25 (D.D.C. Feb. 6, 2023).

in threatening and disturbing behavior following his release.   The defendant returned to Autism Speaks in Washington, DC on February 28, 2023, and then returned to the Linwood School on March 4, 2023.   On February 28, 2023, the defendant reengaged with officers after being told he was barred from the location.   At this time, he appeared to be dressed in his usual attire, carried a bag, and appears to have had scissors in his hands.   On the March 4, 2023 date, he again apparently engaged in anti-ABA rhetoric while on the Linwood School campus.   In light of the defendant's escalating and disturbing behavior despite receiving in-patient mental health treatment, there are certainly concerns regarding his mental health condition.   This factor also weighs in favor of detention.

### D. <u>Danger to the Community</u>

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, similarly weighs heavily in favor of detention.   The defendant's threats are not limited in scope or severity, but instead call for the execution of all BCBAs worldwide.   In addition, the defendant selected a distinct target date of April 4, 2023, on which the Autism Speaks location in Washington, DC will either burn to the ground or be overrun by Autistic Nationalists and its leadership will be executed.   The defendant claims such an occasion will be worse than the Black Lives Matter (BLM) riots and the Capitol riots combined.   The defendant's statements demonstrate a clear call to action, which very well could be acted upon by like-minded individuals.   Such threats espoused by the defendant are of the most serious kind, and such not be taken lightly.   Given the severity of such threats and the defendant's actions to demonstrate his willingness to follow through on such threats, the defendant presents a significant danger to the community.   This factor, along with the other three factors, weighs in favor of the

defendant's detention without bond pending trial.

### III.   Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:     /s/ *Jack Korba*
JACK KORBA
D.C. Bar No. 1010303
Assistant United States Attorney
601 D Street NW, Fifth Floor
Washington, D.C. 20530
E-mail: john.korba@usdoj.gov
Telephone: (202) 252-7246

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel this 5th day of April 2023.

 /s/ *Jack Korba*
Jack Korba
Assistant United States Attorney

16